**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNE K. BLOCK, | No. 10-35557 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01850-JLR |
| v. | |
| HILDA L. SOLIS, Secretary of the United States Department of Labor, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted May 5, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Anne Block appeals the district court's grant of summary judgment on her

retaliation claims brought under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.*, in favor of her former employer, the Department of Labor

("DOL").  She alleges that the DOL transferred her to a different floor, and then

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

fired her, in retaliation for informal and formal complaints she filed with the Equal Employment Opportunity Commission ("EEOC").

The district court granted summary judgment to the DOL. It held that, although Block established a prima facie case of retaliation, the DOL successfully rebutted her claims by providing non-retaliatory reasons for its actions. The district court further concluded that Block did not provide evidence that would allow a reasonable factfinder to conclude that the DOL's reasons were pretextual.[1]

We review de novo the district court's grant of summary judgment. Dawson v. Entek Int'l, 630 F.3d 928, 934 (9th Cir. 2011). Block does not offer any direct evidence that the DOL retaliated against her because of her EEOC complaints. Block's claim of pretext is instead based entirely on circumstantial evidence, which "must be specific and substantial" for Block's claims to survive summary judgment. See Bergene v. Salt River Project Agric. Improvement & Power Dist., 272 F.3d 1136, 1142 (9th Cir. 2001). Put another way, Block's evidence must either "directly . . . persuad[e] the court that a discriminatory reason more likely motivated the employer or indirectly . . . show[] that the employer's proffered

---

[1] Block's complaints also included claims that the DOL discriminated against her on the basis of a hearing disability. Block does not challenge the district court's ruling that she failed to exhaust her administrative remedies as to those claims.

explanation is unworthy of credence." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981) (citing McDonnell Douglas Corp., 411 U.S. at 804-05).

Assuming that Block made out a prima facie case of retaliation, none of the disparate factual allegations relied on by Block undercut the DOL's proffered reasons for its actions. Block's argument that the DOL moved her to another floor in retaliation for her informal EEOC complaints relies on the temporal proximity between the move and her informal complaint to the EEOC. The timing of the move, however, is insufficient to show pretext, especially because the record supports DOL's explanation that it moved Block in an effort to informally resolve her disputes with co-workers on her original floor. See Hashimoto v. Dalton, 118 F.3d 671, 680 (9th Cir. 1997) (recognizing that, under certain circumstances, timing does not "refute the government's proffered legitimate reasons" for an action).

Block's claim that she was terminated in retaliation for her EEOC complaints is also deficient. Block's reliance on the emails she received from Kelly Kotada to support her allegation that her work was satisfactory is misplaced. The Kotada emails are not formal performance evaluations and do not discuss the quality of Block's work. No formal performance appraisal was undertaken during Block's probationary period, and the emails in the record from Block's supervisors

3

that discuss Block's performance are uniformly negative. Accordingly, the emails from Kotada do not constitute substantial evidence refuting the DOL's contention that Block's poor performance was the reason for her termination at the end of her probationary period.

Block's allegation that DOL district director Christy Long told her "soon you won't have to worry about [a particular co-worker]" also would not allow a reasonable fact-finder to conclude that the decision to terminate Block's employment was pretextual. Although Long allegedly made this statement soon after learning about Block's EEOC action, the statement also followed a complaint by Block to Long about the co-worker. The timing of Long's statement is thus not dispositive. See, e.g., Brown v. City of Tucson, 336 F.3d 1181, 1187-88 (9th Cir. 2003) (holding that close temporal proximity between protected activity and disciplinary investigation of complaining employee did not necessarily imply a retaliatory motive); Coszalter v. City of Salem, 320 F.3d 968, 977-78 (9th Cir. 2003) (holding that courts should not consider the timing of an action without regard to its factual setting). Even construing this ambiguous statement as a clear threat to Block's employment, the threat has no tie to Block's EEOC complaints.

The temporal proximity between Block's complaints and her termination is similarly insufficient to show pretext. See Stegall v. Citadel Broad. Co., 350 F.3d

4

1061, 1069-70 (9th Cir. 2003) (acknowledging that a proximity of nine days in itself may not be sufficient evidence of pretext). We have considered Block's other evidence and conclude that none of it undercuts the DOL's stated reasons for terminating Block.

In sum, none of Block's evidence, whether considered separately or cumulatively, constitutes specific and substantial evidence that the DOL's proffered reasons for moving Block to a different floor and then firing her were pretextual.

**AFFIRMED.**